IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSANA CLAUDIO-DE LEON, her husband LUIS F. CARRASQUILLO-RIVERA, and the conjugal partnership comprised by both<br><br>Plaintiffs<br><br>vs<br><br>SISTEMA UNIVERSITARIO ANA G. MENDEZ; UNIVERSIDAD DEL ESTE; EVELYN AYALA, in her official and personal capacity, her husband JOHN DOE, and the conjugal partnership comprised by them; LITZ PRINCIPE, in her official and personal capacity, her husband JAMES DOE, and the conjugal partnership comprised by them; ALBERTO MALDONADO; MR. JOSE MENDEZ<br><br>Defendants | CIVIL 11-1024CCC |

**OPINION AND ORDER**

Rosana Claudio-de León (Claudio) has filed this action alleging gender and pregnancy discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. §2000e based on a series of discriminatory action alleged to have been carried out with the purpose for directly terminating her or forcing her to resign. Claudio also sues under Puerto Rico's Law 100, 29 L.P.R.A. §146 et seq.; Law 80, 29 L.P.R.A. §185 et seq.; Law 3, the Working Mothers Act, 29 L.P.R.A. §467; and for retaliation under Puerto Rico Law 115, 11 L.P.R.A. §194 et seq.; and Law 69. Claudio's husband, Luis F. Carrasquillo-Rivera (Carrasquillo), brings his own Law 80 claim for unjust dismissal, and joins his wife in alleging marriage discrimination under Title VII, Law 100 and the Article II, §8 of the Puerto Rico Constitution.

Now before the Court is defendants' Motion to Dismiss (**docket entry 14**), which plaintiffs opposed (docket entry 17) and to which defendants replied (docket entry 22).

CIVIL 11-1024CCC                                            2

A.   **Pleading Standards/ Motion to Dismiss**

Under Fed. R. Cv. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While the rule does not require a detailed factual allegation, it does demand more than an unadorned, "the defendant-unlawfully-harmed-me" accusation. Iqbal v. Ashcroft, 129 S.Ct. 1937, 1949 (2009). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2008). The court must be able to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility."

Iqbal, *supra*, at 1949.

The tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, does not suffice. Twombly, *supra*, at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, at 1949.

We, thus, must conduct our analysis by first identifying the allegations of the complaint that are no more than legal conclusions, which are not to be considered, and then zero on the well-pleaded nonconclusory factual allegations to determine whether they, by itself, plausibly give rise to an entitlement to relief. We are not bound to accept as true "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, at 1949 (quoting Twombly,

CIVIL 11-1024CCC                                          3

127 S.Ct. at 1955).  A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions."  Twombly, at 1955.

B.    **Factual Allegations**

As alleged in her complaint, Claudio avers that she was hired in February 2008 as Integrated Services Coordinator in the School of Continuing Education of the Universidad del Este, Santa Isabel Center (the Center).  (Complaint at ¶11).  She has worked under a series of contracts for approximately six months each, the last one of which expired on July 31, 2010.  Plaintiff believes, however, that it should be considered that she had a contract without a fixed term because her accrued leave was not liquidated at the end of each contract and she believes that her duties and benefits corresponded to those of a permanent employee.  (¶¶13-14).

Claudio's immediate supervisor was defendant Litz Príncipe-Ramírez (Príncipe), Associate Dean of the Continuing Educational School, who, in turn, responded to the Director of the Center, defendant Evelyn Ayala-Quintero (Ayala).  Claudio alleges that after notifying Ayala of her relationship with Carrasquillo, who occupied the position of Marketing Officer at the Center, Ayala's attitude toward her changed.  Ayala began to completely ignore and reject plaintiff and she began taking away from Claudio the resources necessary to perform her work.  (¶21).  Ayala told her that the Chancellor's Assistant had informed her that Claudio's contract would not be renewed.  (¶24).  Claudio's work was obstructed by not being given the materials or the support personnel necessary to carry out the duties of her position.  (¶25).  The hostility intensified after she became pregnant, after she notified Principe on January 10, 2010 that she was around eight weeks pregnant.  (¶¶26-27).  Ayala allegedly began a similar pattern of discrimination and hostility against Carrasquillo.  (¶28).

Claudio reported the problems to Príncipe, who told her not to worry, and that she would take the case to defendant Alberto Maldonado, the University's Chancellor. (¶¶32,37).  On June 3, 2010, Claudio allegedly told Principe that "Ayala was doing whatever

CIVIL 11-1024CCC                                             4

it would take for her contract not to be renewed," (¶51) and that Príncipe answered that her contract would not be renewed, because Ayala "did not want her in her Center." (¶52) On June 4, 2010 Claudio filed an EEOC complaint "for pregnancy discrimination." (¶68)

Claudio also relates incidents involving her July 8, 2010 evaluation by Príncipe (¶¶70-82), which was lower than plaintiff"s self evaluation, during which Príncipe compared her unfavorably to employees in other municipalities and told her that her pregnancy or other problems should not have affected her productivity and job performance. Príncipe also allegedly told her that she had until July 15, 2010 to sign the next contract being offered to her (¶84), and that once that contract expired in December 2010, her contract would not be renewed. (¶87).

Carrasquillo also alleges facts which he claims demonstrate discrimination by Ayala and creation of a hostile work environment, to the point where, he alleges, he had no other choice but to resign his position. (¶¶101-119).

**C.   Analysis**

Plaintiffs have accepted many of the defendants' contentions, so we will first identify those claims, which plaintiffs have clarified or acquiesced to their dismissals:

1. Plaintiffs clarify that defendants José F. Méndez and Alberto Maldonado-Ruiz, the President and Chancellor of the defendant Sistema Universitario Ana J. Méndez (University), are being held liable under Title VII only in their official capacity as agents of the defendant university. We note, however, that inasmuch as the University itself has been sued, their presence as agents for Title VII purposes is unnecessary, and the Title VII claim against them will be dismissed in its entirety.

2. The Title VII claim against Ayala and Príncipe are also dismissed against them in its entirety.

3. Dismissal of Claudio's claim of marriage discrimination under Title VII is accepted.

CIVIL 11-1024CCC                                           5

    4.    Carrasquillo's Title VII claim, and claim for punitive damages are dismissed in their entirety for failure to exhaust administrative remedies.

We therefore turn to the only one of Claudio's remaining claims for which defendants seek dismissal: the Title VII retaliation claim. Movants argue that the retaliation claim should also be dismissed because Claudio did not exhaust her administrative remedies as to this claim and because she was notified of her dismissal before she filed her administrative charge of gender and pregnancy discrimination.[1] As Claudio correctly points out, citing Johnson v. General Electric, 840 F.2d 132, 139 (1st Cir. 1988), a claim related to that brought before the EEOC, but which was not itself made the subject of an EEOC complaint, must reasonably be expected to have been within the scope of the EEOC's investigation in order to meet the jurisdictional prerequisite. That is, "retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency." Clockedile v. New Hampshire Dept. of Corrections, 245 F.3d. 1, 6 (1st Cir. 2001).

However, as plaintiff herself avers in her complaint, on June 3, 2010, the day before she filed her EEOC complaint she told Principe that Ayala was doing whatever it would take for her contract not to be renewed, and Principe confirmed during that conversation that her contract would not be renewed because Ayala did not want her in her Center. Id., at ¶¶48-52. Therefore, Ayala's decision not to renew Claudio's contract would be part of the alleged gender and/or pregnancy discrimination, not retaliation, and the claim for retaliation does not proceed.

For the above-stated reasons, defendants' Motion to Dismiss (**docket entry 14**) is GRANTED. The motion is GRANTED as to (1) Claudio's Title VII claims against individual defendants José F. Méndez, Alberto Maldonado-Ruiz, Ayala and Príncipe in their entirety;

---

[1] Defendants also challenge her request for punitive damages under Title VII. The Title VII claim remaining against the University; however, it will be for the jury to decide if Claudio is entitled to such damages.

CIVIL 11-1024CCC                                6

(2) Claudio's claim for Retaliation under Title VII; (3) Plaintiffs' claims for marriage discrimination under Title VII; and (4) Carrasquillo's Title VII claim, and his claim for punitive damages in their entirety against all defendants, which are ordered DISMISSED with prejudice.

Thus, Claudio's Title VII claim for sex and pregnancy discrimination and the plaintiffs' claims under Puerto Rico Laws 100, 80, 3, 115, and Article 11, § 8 of the Puerto Rico Constitution, are the only ones that remain.  Partial Judgment will enter accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on November 30, 2011.

                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge