IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSANA CLAUDIO-DE LEON, her husband LUIS F. CARRASQUILLO-RIVERA, and the conjugal partnership comprised by both<br><br>Plaintiffs<br><br>vs<br><br>SISTEMA UNIVERSITARIO ANA G. MENDEZ; UNIVERSIDAD DEL ESTE; EVELYN AYALA, in her official and personal capacity, her husband JOHN DOE, and the conjugal partnership comprised by them; LITZ PRINCIPE, in her official and personal capacity, her husband JAMES DOE, and the conjugal partnership comprised by them; ALBERTO MALDONADO; MR. JOSE MENDEZ<br><br>Defendants | CIVIL 11-1024CCC |

**OPINION AND ORDER**

On July 16, 2010, plaintiffs Rosana Claudio-León (defendant Claudio), Luis F. Carrasquillo (defendant Carrasquillo), and the Conjugal Partnership Carrasquillo-Claudio filed suit in the Puerto Rico Court of First Instance, Ponce Part, requesting an injunction relief which was denied as moot and, and several other causes of action, among which there are still pending a first cause of action by Claudio for a declaration that her employment contract is of indefinite term, a second clause of action by Claudio for sex and pregnancy discrimination, a third cause of action by both Claudio and Carrasquillo claiming marriage discrimination, and a fourth action by Claudio based on retaliation for engaging in protected conduct, as well as the damage claim.

On January 10, 2011, defendant Claudio filed her federal complaint alleging gender and pregnancy discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e based on a series of discriminatory actions alleged to have been carried out with the purpose for directly terminating her or forcing her to resign.  Claudio also sued under

CIVIL 11-1024CCC                          2

Puerto Rico's Law 100, 29 L.P.R.A. § 185 et seq.; Law 3, the Working Mothers Act, 29 L.P.R.A. § 467; and for retaliation under Puerto Rico Law 115, 11 L.P.R.A. § 194 et seq.; and Law 69. Defendant Carrasquillo brings his own Law 80 claim for unjust dismissal, and Carrasquillo joined Claudio alleging marriage discrimination under Title VII, Law 100 and the Article II, § 8 of the Puerto Rico Constitution (docket entry 1).

On November 30, 2011, the Court entered Partial Judgment (docket entry 29) dismissing with prejudice plaintiff Claudio's Title VII claims against individual defendants José F. Méndez, Alberto Maldonado-Ruiz, Evelyn Ayala and Litz Príncipe in their entirety; plaintiff Claudio's claim for Retaliation under Title VII; both plaintiffs' claims for marriage discrimination under Title VII; plaintiff Carrasquillo's Title VII claim, and Carrasquillo's claim for punitive damages in their entirety against all defendants. Remaining only, therefore, are Claudio's Tittle VII claim for sex discrimination and both plaintiffs' claims under Puerto Rico Laws 100, 80, 3, 115, and Article 11, § 8 of the Puerto Rico Constitution (docket entry 29).

Before the Court is a Motion to Dismiss (**docket entry 32**), opposed by plaintiffs (docket entry 33), to which there is a Reply (docket entry 35) and Surreply (docket entry 37).

A.   **Factual Allegations**

Claudio avers in her verified complaint that she was hired on February 15, 2008 and that she entered into a contract for a fixed term which contract was extended in four occasions with the most recent one lapsing on July 31, 2010 (docket entry 1, ¶¶ 11 and 13)[1]. The complaint incorporates by reference five (5) contractual agreements executed by

---

[1]  11.  Co-plaintiff Mrs. Rosana Claudio de Leon was hired since February 15, 2008, to perform the work as an Integrated Services Coordinator in the School of Continuing Education in the Universidad del Este Santa Isabel Center (hereinafter the Center).

13.  When she started working at the Center, Mrs. Claudio signed a contract stating that she was hired for a determined period of time. However, the duties and benefits of her position correspond to those of an employee of undetermined time. Consequently, the contract had been consecutively renewed in four occasions (for approximately six months each) with the most recent one with an expiration date of July 31, 2010.

CIVIL 11-1024CCC                              3

plaintiff Claudio covering a period from February 15, 2008 and ending in July 31, 2010 (docket entry 32, Exhibits D, E, F, G, and H).  Exhibits G and H, respectively, correspond for the period between August 3, 2009 and December 31, 2009, and January 7, 2010 to July 31, 2010.  Article THIRTEENTH of Exhibits G and H, provides:

> **THIRTEENTH:** Any dispute which arises between the parties and which cannot be resolved or surmounted by constructive negotiations conducted in good faith between the parties shall be submitted to the jurisdiction and competence of the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part, for adjudication and resolution.

Defendants request dismissal of the remaining claims pursuant to Rule 12(b)(6) based on this choice of forum clause established in these two contracts in effect during the period of time during which the discrimination claims took place.  Plaintiffs' opposition avers that defendants "have failed to show . . . hat the conditions to activate the choice of forum clause were met, and, in the alternative, because Defendants are going against their own acts when they have actively moved . . . or substantive and procedural remedies and submitted to them."  Opposition to Defendants' Motion to Dismiss (docket entry 33) at pp. 1-2.

**B.   Legal Standard Motion to Dismiss Based on a Forum Selection Clause**

In the First Circuit, a request for dismissal based on a forum-selection clause is analyzed using the firmly established Fed. R. Civ. P. 12(b)(6) standards and may be raised at any time in the proceedings before disposition of the case.  Silva v. Encyclopedia Britannica, Inc., 235 F.3d 385, 388 (1st Cir. 2001); Rivera v. Centro Médico del Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009).  When the document which contains the forum selection clause is not included in the complaint and is first introduced in the motion to dismiss, the Court can still consider the motion under Rule 12(b)(6) if the authenticity of the document is not disputed by the parties.  Rivera v. Centro Médico del Turabo, Inc., *supra*.  The parties have not raised any controversy regarding the authenticity of the contracts containing the forum selection clause.  Therefore, although copies of the contracts were first submitted with

CIVIL 11-1024CCC                                    4

the motion to dismiss, the Court may consider it without the need to convert it into a summary judgment motion.

**C.    The Forum Selection Clause**

Under federal law, "the threshold question in interpreting a forum-selection clause is whether the clause is permissive or mandatory." Rivera v. Centro Médico del Turabo, *supra*. In determining whether a forum selection clause is mandatory or permissive, the courts analyze the particular language of the clause. "A permissive forum-selection clause, often described as a 'consent to jurisdiction' clause, authorizes jurisdiction and venue in a designated forum, but do[es] not prohibit litigation elsewhere . . . [i]n contrast, [a] mandatory forum selection clause [...] contain[s] clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum." Id. Of course, even if a clause is mandatory, it "merely constitutes a stipulation in which the parties join in asking the court to give effect to their agreement by declining to exercise its jurisdiction." Silva, 239 F.3d at 388, n. 6. It does not, however, divest a court of jurisdiction that it otherwise retains. Id.

The Court of Appeals for the First Circuit has observed that "[t]he parties' choice of the word 'will' --a word commonly having the mandatory sense of 'shall' or 'must'-- demonstrates their exclusive commitment to the [...] named forums. Most succinctly, the plain meaning of the phrase 'will be submitted' is that the course of action is required, not discretionary." Summit Packaging Sys., Inc. v. Kenyon & Kenyon, 273 F.3d 9, 12 (1st Cir. 2001) (holding that term in contract providing that parties "will submit" their dispute to a specified forum implied the exclusion of all other forums). Similarly, in Silva, the First Circuit interpreted the following forum-selection clause:  "This agreement shall be governed by the laws of the State of Illinois and all actions involving this agreement must be brought in the State of Illinois," and concluded that the word "'must' expresse[d] the parties intention to make the

CIVIL 11-1024CCC                                              5

courts of Illinois the exclusive forum for disputes arising under the contract," Id., at 389. That forum-selection clause was determined to be mandatory.

The contracts in this case instant case provide that "[a]ny dispute which arises between the parties and which cannot be resolved or surmounted by constructive negotiations conducted in good faith between the parties shall be submitted to the jurisdiction and competence of the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part, for adjudication and resolution." As in Silva, the forum selection clause must be considered mandatory for the parties selected the word "shall," immediately followed by a language demonstrative of their clear intention to submit to the jurisdiction of the Court of First Instance of the Commonwealth of Puerto Rico, to the exclusion of all other forums.

Accordingly, given the language of the forum selection clause set forth in the two contracts, the Court concludes that such clause constitutes a mandatory forum selection clause. See also LFC Lessors v. Pacific Sewer Maintenance Corp., 739 F.2d 4 (1st Cir. 1984) (holding that the language "shall be interpreted, and the rights and liabilities of the parties hereto determined, in accordance with the law, and in the courts, of the Commonwealth of Massachusetts" constituted a mandatory forum selection clause); Nascone v. Spudnuts, Inc., 735 F.2d 763, 765 (3d Cir. 1984) (holding that the language "venue for any proceeding . . . shall be Salt Lake County, State of Utah," constituted a mandatory forum selection clause); Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1345-46 (10th Cir. 1992) (holding that the language "venue shall be proper under this agreement in Johnson County, Kansas" constituted a mandatory forum selection clause).

"A mandatory forum selection clause carries a 'strong presumption of enforceability'." Rivera v. Centro Médico de Turabo, Inc., *supra*. "It is well established that forum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances. More specifically, a forum

CIVIL 11-1024CCC                                     6

selection clause should be enforced unless the resisting party can show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching . . . [or that] enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." Id. (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).  Plaintiffs argue that for a dispute to be subject to the forum selection clause of the contracts, the following conditions must be first met: "(1) the rise of a dispute between the parties; (2) that constructive negotiations be conducted between the parties; (3) that those constructive negotiations be performed in good faith; and (4) that as a result of those negotiations the dispute could not be resolved or surmounted."  They contend that the clause is unenforceable since defendants "fail to establish or identify in the verified complaint which 'constructive negotiations were conducted' between the parties, or that whatever negotiation between the parties, if any, were 'conducted in good faith' or that as a result of such negotiations the dispute '[could] not be resolved or surmounted', as preconditions to subject plaintiff Claudio's claim to the forum selection clause."  The short answer to this non-enforceability argument is that it is plaintiffs who filed the initial complaint thereby triggering the enforceability of the contractual choice of forum clause which ultimately leads to a determination of the judicial forum in which plaintiffs claims are to be adjudicated.  Finally, plaintiffs argument based on the unreasonableness of enforcing the forum selection clause at this stage of the proceedings also is meritless since a request for dismissal based on a forum-selection clause can be raised at any time in the proceedings before disposition of the case.  Since plaintiffs have not provided valid reasons for holding that enforcement would be unreasonable, unjust, or in contravention of public policy, the forum selection clause is enforceable.

CIVIL 11-1024CCC						7

    For the reasons stated, defendants' Motion to Dismiss (**docket entry 32**) is GRANTED. Judgment will be entered dismissing the remaining Title VII claims of plaintiff Rosana Claudio-León and all supplemental claims brought by both Claudio and Carrasquillo.

    SO ORDERED.

    At San Juan, Puerto Rico, on May 14, 2012.

                                                  S/CARMEN CONSUELO CEREZO
                                                United States District Judge